UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In Re: KEVIN G. AND SUZANNE MARCOLA,

    Debtor.

UNITED STATES OF AMERICA,

    Appellant,                                    Case Number 11-12037-BC
                                                      Bankruptcy Number 07-23438-DOB
v.                                                     Honorable Thomas L. Ludington

KEVIN G. AND SUZANNE MARCOLA,

    Appellees.
_____ /

**ORDER GRANTING APPELLANT'S MOTION TO VACATE THE BANKRUPTCY COURT'S ORDER AND DISMISSING APPEAL AS MOOT**

As part of the underlying bankruptcy case, the United States gave notice of its intent to offset a post-petition income tax overpayment of the debtors against a post-petition trust fund penalty liability imposed by 26 U.S.C. § 6672. The United States gave the notice because debtors' then-attorney had raised an issue about the IRS's ability to do so during a hearing on a motion to modify the debtors' Chapter 13 plan, and the Bankruptcy Court had not ruled on the issue but had expressed a preliminary view that such a setoff was prohibited by the automatic stay. In response to the government's notice, the debtors moved to hold the government and its trial attorney in contempt. Meanwhile, the motion to modify the plan had been granted and the debtors' attorney submitted a proposed order that contained a proposed declaratory judgment that the automatic stay, under 11 U.S.C. § 362(a)(3), bars offsetting a postpetition tax overpayment against a post-petition tax liability, thereby enjoining such a setoff without first obtaining relief from the automatic stay under § 362(d). Over the United States' objection to this provision of the declaratory judgment in

the order modifying the debtors' Chapter 13 plan, the Bankruptcy Court entered the order in the form submitted by the debtors' attorney.

The Bankruptcy Court recognized that the setoff is not barred by § 362(a)(7) (enjoining setoff of prepetition obligations and claims) or § 362(a)(6) (enjoining collection of prepetition claims), but ruled that a setoff would "exercise control over property of the estate" under § 362(a)(3) because, in this case, provisions of the Chapter 13 plan made future tax refunds property of the estate. *See* 11 U.S.C. § 1306(a)(1) (providing that "[p]roperty of the estate includes, in addition to the property specified in section 541 of this title (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; . . ."). The United States appealed the order to this Court because the Order is "unprecedented" and the United States believed it would create interference with "the long practice of the IRS" of making "post/post" setoffs without court involvement, including cases, such as here, with provisions that treat postpetition tax refunds as property of the estate. ECF No. 12 at 4-5. The United States appealed the interlocutory order on May 10, 2011, and kept the overpayment frozen in the debtor's tax account (i.e., did not effectuate an setoff) while the appeal proceeded.

While the Bankruptcy Court's order applying the automatic stay to post/post setoffs raised the issue described above, the underlying bankruptcy case proceeded. The Debtors' individual Chapter 13 plan, however, depended on funding from their nondebtor operating corporation, Cagle & Marcola, Inc. ("C&G"), in the form of "rent" paid for property that the Debtors individually owned. C&G, however, failed for over a decade to pay its federal employment taxes. Thus, the Debtors sought to fund their individual Chapter 13 bankruptcy plan with money that was subject to

federal tax liens. And, at the same time, the Debtors' proposed plan rendered C&G insolvent and uncollectable.

The United States filed various motions to stop the proposed plan, including motions to dismiss and to order the Trustee to remit all plan funds to the IRS to apply to the employment tax liabilities of C&G. In July 2011, the United States and debtors reached an agreement under which the debtors conceded the United States' motion to dismiss their bankruptcy case, and agreed to make payments to the United States to apply to the employment tax liabilities of C&G outside bankruptcy under an installment agreement. On September 23, 2011, the Bankruptcy Court conducted an evidentiary hearing regarding the United States' motions because, although debtors' conceded, a dispute arose with their former attorney over the disposition of the funds held by the Chapter 13 trustee. Bankr. E. D. Mich. Case No. 07-23438 ECF No. 226.

On November 28, 2011, the Bankruptcy Court issued a memorandum opinion concluding, among other things, that the Chapter 13 debtors have an absolute right to dismiss their bankruptcy case with very limited exceptions in cases of bad faith. The Bankruptcy Count concluded that the Debtors had proposed a reasonable settlement, which included the voluntary dismissal of their Chapter 13 case and that dismissal was appropriate. Bankr. E. D. Mich. Case No. 07-23438 ECF No. 227. The Bankruptcy Court also found that C&G was the source of the $16,000 held by the Trustee and proposed to fund the Debtors' plan, and that such funds should be disbursed to the IRS. *Id.* On December 14, 2011, the United States submitted its proposed order to dismiss the action with respect to the Court's opinion. Bankr. E. D. Mich. Case No. 07-23438 ECF No. 237. On December 19, 2011, the Chapter 13 Trustee objected to the United States' proposed order. Bankr. E. D. Mich. Case No. 07-23438 ECF No. 241. On December 23, 2011, the United States submitted a new proposed

order after resolving the Trustee's objection. Bankr. E. D. Mich. Case No. 07-23438 ECF No. 244. On January 24, 2012, the Bankruptcy Court entered its order dismissing the bankruptcy case. Bankr. E. D. Mich. Case No. 07-23438 ECF No. 251.

On February 13, 2012, the United States filed a motion with this Court to vacate the Bankruptcy Court's order that is the subject of the instant appeal, which declared that the IRS may not set off post-petition tax refunds against post-petition tax liabilities without moving for relief from the automatic stay. ECF No. 12. Under § 362(c), the automatic stay expired upon dismissal of the chapter proceeding, and mooted the United States' appeal because the IRS was no longer barred by the stay from effectuating the offset. This status of mootness nonetheless entitles the United States to seek vacatur of the Bankruptcy Court's order to the extent that its declaratory ruling is unrelated to the plan modification it approved.

" 'When a civil case becomes moot pending appellate adjudication, the 'established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.' " *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (quoting *United States v. Muningwear, Inc.*, 340 U.S. 36, 39 (1950)); *see also* Fed. R. Civ. P. 60(b)(5) (relieving party from an order when "applying it prospectively is no longer equitable"). "Vacatur 'clears the path for future relitigation' by eliminating a judgment the loser was stopped from opposing on direct review.' " *Arizonans for Official English*, 520 U.S. at 71-72 (quoting *Muningwear*, 340 U.S. at 40). Vacatur is appropriate when mootness occurs through happenstance—"circumstances not attributable to the parties"— or the "'unilateral action of the party who prevailed in the lower court.' " *Arizonans for Official English*, 520 U.S. at 71-72 (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994). The Supreme Court also notes that "mootness by reason

of settlement does not justify vacatur of judgment under review" absent equitable or exceptional circumstances. *Bancorp Mortgage Co.*, 513 U.S. at 29.

Vacatur can be equitable and appropriate even if the settlement rule applies. In the typical case in which settlement is held to deprive an appellant of the normal right to vacatur, the appellant and appellee have settled the very dispute involved in the appeal. Here, there was no compromise of the setoff issue. Instead, the debtors conceded both that the C&G tax liens encumbered the "rents" that had been paid by that corporation to the Chapter 13 trustee, and also conceded the motion to dismiss their Chapter 13 case. The United States offered to allow them to enter a reasonable installment plan to pay not just their individual tax debts as the Chapter 13 plan was limited to addressing but also the debts of their wholly-owned C&G operating entity.

Unlike an appeal from a final judgment of a district court under 28 U.S.C. § 1291, when there is nothing left for the district court to do, appeals from final orders of bankruptcy courts on discrete and disparate issues may be appealed to district courts immediately while the underlying bankruptcy case remains ongoing. In this regard, each adversary proceeding, Bankruptcy Rule 7001, and each "contested matter," Bankruptcy Rule 9014, within a bankruptcy "case," 28 U.S.C. § 1334(a), is considered a separate "civil proceeding," 28 U.S.C. § 1334(b), or distinct "judicial unit." *See In re Durability, Inc*., 893 F.2d 264, 265-266 (10th Cir. 1990) (the "appropriate 'judicial unit' for application of . . . finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition). To the extent the government's agreement with the debtors was a settlement, the United States submits it settled only the other discrete controversies between the parties and not the issue appealed to this Court. A settlement, in any event, does not automatically bar vacatur for

mootness. Instead, courts may consider exceptional circumstances including the need not to deter settlements by entities that, of necessity, are parties to large numbers of lawsuits. *Bancorp Mortgage*, 513 U.S. at 29.

Here the underlying bankruptcy case continued to the detriment of the United States, and injured the United States in a different way than the adverse Order appealed to this Court. This distinguishes the Supreme Court's warning in *Bancorp Mortgage Co.* that settlement alone does not justify vacatur. The motivation from the "loser" of a case in the district court who appeals a final judgment is different from the United States' motivation here. The loser of a final judgment is motivated to settle and moot the appeal to prevent a higher court from potentially adopting the lower court's ruling and making it a wider precedent. Vacatur here "clears the path" for relitigation of the issue and avoids the absurd result of maintaining the disputed Order's declaratory ruling while preventing the United States from prosecuting the appeal of the adverse Order because the underlying bankruptcy case was dismissed. The United States' request for vacatur is reasonable under the circumstances, and the Bankruptcy Court's order will be vacated to the extent of its declaratory ruling regarding the scope of the automatic stay and the instant appeal will be dismissed as moot.

Accordingly, it is **ORDERED** that Appellant's motion (ECF No. 12) to vacate the Bankruptcy Court's order declaring that the IRS may not set off post-petition tax refunds against post-petition tax liabilities without moving for relief from the automatic stay is **GRANTED**. The Bankruptcy Court's order (Bankr. E. D. Mich. Case No. 07-23438 ECF No. 168) is hereby **VACATED**.

It is further **ORDERED** that this appeal is **DISMISSED AS MOOT**.

                                                      s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

Dated: March 22, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney record herein by electronic means and upon Kevin Marcola and Suzanne Marcola, at 1063 Arrowhead Dr. W, Caro, Michigan 48723 first class U.S. mail on March 22, 2012.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS